EISLIE *v.* WALTHER.

*(City Court of New York, General Term.*  February 26, 1889.)

LIBEL AND SLANDER—WHAT ACTIONABLE—CHARGE OF SWINDLING.

For one competitor for a prize in a shooting contest to say of another, who claimed to have scored a certain number of points, that he did not score so many, that he was "bluffing," that he had "tried a bluff game before," and was a swindler, and that he had swindled, is not actionable, without special damages, as no crime or attempt to commit crime is charged thereby.[2]

Appeal from trial term.

Action by Frederick Eislie against Bernhard Walther, for slander.  Judgment for plaintiff, and defendant appeals.

Argued before McADAM, C. J., and McGOWN, J.

*Kauffmann & Sunders,* for appellant.  *Charles Steckler,* for respondent.

PER CURIAM.  The plaintiff and defendant were guests at a shooting festival of the Independent German Schutzen Corps, held on the 28th of June, 1887, at Lion brewery.  Plaintiff and defendant, as well as others, competed for the first prize, to-wit, a gold medal of the value of $40.  Each person shooting was furnished with a score-card, on which was recorded the score each person received after the shooting.  The plaintiff claimed a score of 52 points, and demanded the prize.  The defendant said, in the presence

---

[1] As to the proper manner for corporation officers to sign and indorse negotiable instruments, and the liabilities created thereby, see Heffner v. Brownell, (Iowa,) 39 N. W. Rep. 640, and note; Bank v. Colliery Co., 3 N. Y. Supp. 771, and note.

[2] As to what words are actionable without showing special damage, see Publishing Co. v. Crudup, (Ala.) 5 South. Rep. 332, and note; Smith v. Smith, (Mich.) 41 N. W. Rep. 499, and note; Stewart v. Tribune Co., (Minn.) Id. 457, and note.

of the company, that the plaintiff did not score fifty-two points, that he was bluffing, that he tried a bluff game before, and was a swindler,—he had swin-dled,—and they were glad they had caught him at last. The defendant had an interest in the subject-matter of the communication, and the persons to whom the communication was made had, with the plaintiff, a corresponding interest therein.

The defendant certainly had the right to dispute the claim that the plain-tiff scored 52 points. If he had done nothing more, an action for slander would not have been thought of. Adding that the plaintiff was "bluffing," and had played a "bluff" game before, adds no force to the charge; nor do the additional words that it was "a swindle," and that the plaintiff had swin-dled before, make them actionable, without an allegation and proof of special damages. *Chase* v. *Whitlock*, 3 Hill, 139; *Savile* v. *Jardine*, 2 H. Bl. 531; *Odiorne* v. *Bacon*, 6 Cush. 185. The words used had reference to the score of fifty-two claimed by the plaintiff, and, in the sense employed, they were tantamount to saying that the plaintiff had claimed too much, or in other words, that the claim was an imposition. The words used were strong and exaggerated, rude, and vulgar, but not necessarily slanderous. Special dam-ages were not pleaded, and were not proven, and the words, taken either col-lectively or separately, are not actionable. They did not charge the plaintiff with crime, nor with an attempt to commit crime. The plaintiff had a right to claim any score he honestly believed he was entitled to, and the defendant had the corresponding right to object to any claim he thought was exagger-ated or unjust. We think he did this; nothing more. For the reasons stated, the motion to dismiss the complaint ought to have been granted, and the ex-ceptions to the refusal are well taken. The judgment entered on the verdict in favor of the plaintiff must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.